UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KYESHA POWELL, | ) |
| | ) |
| Plaintiff, | )   Case: 2:23-cv-02158 |
| | ) |
| v. | ) |
| | ) |
| OS RESTAURANT SERVICES, LLC d/b/a | ) |
| OUTBACK STEAKHOUSE, | )   Jury Trial Demanded |
| | ) |
| Defendant. | ) |

## COMPLAINT

**NOW COMES** Plaintiff, Kyesha Powell ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against OS Restaurant Services, LLC d/b/a Outback Steakhouse ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII and §1981 and sex-based discrimination under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Kyesha Powell resided in Champaign County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, OS Restaurant Services, LLC d/b/a Outback Steakhouse was a limited liability company doing business in and for Champaign County, Illinois, whose address is 2402 North Prospect Avenue, Champaign, IL 61822.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

12.     Plaintiff worked for Defendant as a server and bartender from on or around December 13, 2021 until her unlawful termination on or around January 11, 2023.

13.     Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

14.     Plaintiff is a member of a protected class because of her race, African American and her sex, female.

15.     Since at least January 2022 through January 11, 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of race, violating §1981 and Title VII.

16.     In or around Janaury 2022, Plaintiff began working shifts with Defendant's Champaign, IL location General Manager, Blair Kearfott (Caucasian).

17.     During Plaintiff's shifts with Mr. Kearfott, he would refer to Plaintiff as "La Shondra" instead of her name.

18.     Mr. Kearfott would call Plaintiff "La Shondra" for the purpose of mocking an African American female name.

19.     Mr. Kearfott would use this name to refer to Plaintiff in front of customers and other coworkers, humiliating her and making her feel "lesser than" her non-African American and/or male counterparts.

20.     Other similarly situated employees outside of Plaintiff's protected class (non-African American, non-female individuals) were not subject to the same disparate treatment as Plaintiff.

21. Mr. Kearfott also found it humorous to say, "Bye Felicia!" to Plaintiff.

22. "Bye Felicia!" is a phrase popularized by an American crime movie which is used to dismiss someone who deserves less than a fond goodbye, and is often directed solely to African American women.

23. This type of pointed and discriminatory conduct greatly affected Plaintiff's ability to perform her work duties out of fear that she would be embarrassed and mortified by the conduct of her direct superior.

24. Eventually, in or around January 2023, Plaintiff mustered up enough courage to report Mr. Kearfott's conduct to Defendant's Human Resources (HR) Department.

25. Despite Plaintiff engaging in a protected activity, Defendant failed to investigate Plaintiff's claim or take remedial measures to prevent further disparate treatment or retaliation.

26. In fact, within the same month that Plaintiff reported Mr. Kearfott's disparate treatment of her, Defendant terminated Plaintiff's employment.

27. Plaintiff did not even learn that she was terminated directly from Defendant; on or around January 11, 2023, Plaintiff tried to log into her work portal, and she found that she was unable to access it.

28. Plaintiff was unlawfully terminated because of her race, African American and her sex, female on January 11, 2023.

29. Upon information and belief, Plaintiff has yet to receive a termination letter/notice or a reason for termination from Defendant.

30. Even more, when Plaintiff applied for unemployment benefits following her unlawful termination, Mr. Kearfott submitted a statement stating that Plaintiff stole salmon and/or chicken from Defendant's restaurant.

31. Upon information and belief, Defendant had never mentioned purported stealing perpetrated by Plaintiff or any other employee prior to Plaintiff's termination.

32. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

33. Plaintiff reported the race-based harassment to Defendant.

34. Plaintiff was targeted for termination because of her race and sex.

35. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

36. There is a basis for employer liability for the disparate treatment that Plaintiff was subjected to.

37. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to Defendant's HR department about the harassment.

## COUNT I
### Violation of 42 U.S.C. §1981
### (Race-Based Discrimination)

38. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39. Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

40. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of

5

42 U.S.C. §1981.

41. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

42. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

43. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

44. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

46. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

47. Plaintiff met or exceeded performance expectations.

48. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

49. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

50. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the discrimination described above, Plaintiff

6

has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Harassment)

52. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

54. Defendant knew or should have known of the harassment.

55. The race-based harassment was severe or pervasive.

56. The race-based harassment was offensive subjectively and objectively.

57. The race-based harassment was unwelcomed.

58. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. due to Plaintiff's race, African-American.

59. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

60. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

61. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

62. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

63. Plaintiff met or exceeded performance expectations.

64. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

65. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

66. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

67. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

68. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

69. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

70. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq*.

71. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted discrimination and/or harassment.

72. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

73. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of discrimination or harassment.

74. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

75. Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity.

76. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

77. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

78. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 18th day of July, 2023.

>  */s/ Alexander J. Taylor*
> **ALEXANDER J. TAYLOR, ESQ.**
> *Counsel for Plaintiff*
> **SULAIMAN LAW GROUP, LTD**
> 2500 South Highland Avenue, Suite 200
> Lombard, IL 60148
> Telephone: (331) 272-1942
> Facsimile: (630) 575-8188
> Email: ataylor@sulaimanlaw.com